[No. 5145.   Decided July 2, 1904.]

GEORGE D. FARWELL, *Appellant,* v. CLARISSA D. COLMAN, *Respondent.*[1]

ATTORNEY AND CLIENT — CONTRACT FOR SERVICES — ABANDONMENT—FAILURE TO PROSECUTE ACTION—TERMINATION OF EMPLOYMENT.   In an action to recover for services performed by an attorney under a special agreement to receive seven per cent of the amount recovered for the defendant upon the final judgment in a condemnation proceeding instituted by a railroad company, in which it appears that a judgment for the defendant for $9,500 was reversed by the supreme court for error, and a new trial ordered, and that the defendant repeatedly requested the attorney to proceed with the case, but he failed to do so for over ten years, giving as a reason that owing to the hard times the company would abandon the suit if pressed, and that he would thereby lose his fee, such refusal was a termination of the employment, justifying the defendant in making any settlement with the railroad company, and warranting a finding that nothing was due the attorney under the terms of his special contract of employment.

Appeal from a judgment of the superior court for King county, Albertson, J., entered January 19, 1904, upon findings in favor of the defendant, after a trial before the court without a jury, in an action to recover for legal services.   Affirmed.

*George D. Farwell,* and *Bauer & Buchanan,* for appellant.

*Jacobs & Jacobs,* for respondent.

DUNBAR, J.—The complaint in this case alleges that the plaintiff was an attorney and counsellor at law, duly qualified, and the defendant was indebted to him in the reasonable sum of $750, balance due for legal services

[1]Reported in 77 Pac. 379.

and other valuable services rendered, furnished, and performed for defendant by plaintiff, at her special instance and request, between the dates of October 1, 1890, and June 20, 1903, which amount was unpaid, and prays judgment against the defendant in said sum. The answer denies the rendition of the services alleged, and alleges that the cause of action mentioned in plaintiff's complaint did not accrue within three years from the commencement of said action, that the contract of liability set forth in plaintiff's complaint is not in writing, and did not arise out of any written agreement. The second affirmative defense, by way of new matter, alleges that the cause of action set forth in plaintiff's complaint did not accrue within six years from the commencement of plaintiff's said action. For a third affirmative answer she alleges, that in A. D. 1890, the Northern Pacific & Puget Sound Shore Railroad Company filed in the superior court of King county a petition for the condemnation of a right of way over and across certain described lands of defendant; that plaintiff solicited employment in said proceeding, and represented to the defendant that he had requisite knowledge, experience, and ability to secure to defendant her rights in such proceedings; alleges want of knowledge, experience, and skill on the part of plaintiff to her damage, in that he filed an answer to said petition of condemnation in which he confined 'the damages to be recovered by the defendants therein, to the value of the land actually taken, and excluding all right to recover damages done to abutting lands belonging to defendants; and because evidence was introduced of damages to such abutting lands and such evidence was considered by the jury, the judgment was reversed by the supreme court, to the great damage of the defendant;

alleges that, by a verbal contract of employment, plaintiff was to have and recover, as full compensation for said services, seven per cent of the final judgment recovered, and alleges that no final judgment was ever recovered in said action; that a verdict and judgment for $9,500 and costs was rendered in the superior court of the State of Washington, in favor of the defendants therein; that before appeal was taken the railroad petitioner in said proceedings tendered the amount of said judgment, less the interest on the same, which tender was refused by the plaintiff, to her damage in the sum of five thousand dollars; alleges that it was the duty of plaintiff to have submitted all propositions of compromise or settlement to her; and asks that she may go hence with her costs. The reply denies substantially the affirmative allegations of the answer. The case was tried by the court, and the following findings of facts and conclusions of law were made by the court:

"(1)  The court finds that this is a cause of action for compensation for legal services performed by the plaintiff for defendant in the matter of the condemnation of the right-of-way of the Northern Pacific & Puget Sound Shore Railroad Company against this defendant and others, being cause No. 9269, in this court, and a further action of this defendant and others against said Northern Pacific & Puget Sound Shore Railroad Company, being cause No. 9338, in this court, restraining them from going across the lands of plaintiff.

"(2)  The court finds that the services were performed between 1890 and 1893, inclusive; said services consisted in contesting the petition of said railroad companies for a condemnation of a right-of-way over and across the premises belonging to said defendant and others and the subsequent issuance of an injunction prohibiting work on the said premises by said companies during the continuance of the litigation.

"(3)  The court finds that there was a special contract entered into between plaintiff and defendant as to the

compensation plaintiff was to receive for his legal services; by the terms of said special contract plaintiff was to receive seven per cent of all monies which should be collected from said companies or either of them in such proceedings, as his full compensation.

"(4) The court finds that no final judgment was ever recovered against said companies, or either of them, and that no money was ever collected from said companies, or either of them.

"(5) The court finds that the petition for condemnation was tried in the fall of 1890, and a judgment was rendered for defendant; an appeal was taken to the supreme court and the judgment was reversed and a new trial granted; a remittitur was sent down in the summer of 1892, and plaintiff in said year obtained permission to, and did, file an amended answer, and that this was the last court service he ever performed for the defendant in the case.

"(6) In the summer of 1892 I find defendant went to plaintiff's office in the city of Seattle and personally requested and urged him to proceed in the retrial of the condemnation case, telling him she had placed ample funds for costs and expenses in the hands of Judge Orange Jacobs, subject to his order; that he would act for her, as she would be out of the city for some time; I further find that a few days after said personal interview defendant wrote a letter to plaintiff and duly and properly addressed, paid the postage thereon and placed the same in the postoffice, in which letter she requested and directed plaintiff to proceed in said action, again assuring him that she had placed ample funds in the hands of Judge Jacobs for cost and all other expenses; I find that he neglected and refused to proceed with said litigation; I further find that the reason he gave for his neglect and refusal, as stated by himself, was that it was an inopportune time; that the railroads had stopped construction, and if he attempted to proceed, the railroad companies would withdraw their petition, and he would lose his fee; I further find that after the filing of the amended answer, in the fall of 1892, the plaintiff performed no service

for defendant; that he kept the ordinary office files, remained and still remains attorney of record; that he lives in the city of Seattle, and has continuously maintained an office and practice in said city, where service of papers could be had upon him; I further find that said cause of action No. 9,269 and cause of action No. 9,338 are each still pending, at issue and undisposed of. That said condemnation suit renders a cloud on the defendant's title to said land..

"(7)  I find that for over ten (10) years plaintiff did not, notwithstanding defendant's said requests and direction to' proceed in the action, do anything except to retain the ordinary office files and to remain attorney of record and maintain an office in the city of Seattle, as aforesaid; and I find that in the meantime the Northern Pacific & Puget Sound Shore Railroad Company had become owned and absorbed by the Northern Pacific Railway Company as successor in interest to its rights and privileges; I further find that the injunction proceeding, being cause No. 9,338, restraining the defendant company and its successors named therein from going across the lands of the defendant in this action, is still pending.

"(8)  This court further finds that in June, 1903, the defendant, Clarissa D. Colman, without the knowledge or consent of the plaintiff, George D. Farwell, sold the identical land and right-of-way theretofore involved in litigation in the condemnation proceedings and injunction proceedings between the Northern Pacific & Puget Sound Shore Railroad Company and the defendant, Clarissa D. Colman, and others, to the Northern Pacific Railway Company, a corporation that is the successor in interest to the Northern Pacific & Puget Sound Shore Railway Company, for four thousand two hundred and ninety-five dollars ($4,295).  Done in open court this 4th day of January, 1904.      (Signed) R. B. ALBERTSON, Judge.

"CONCLUSIONS OF LAW.

"The court finds, as conclusions of law from the above findings of fact, that plaintiff is not entitled to recover and that the defendant is entitled to judgment for her

costs and disbursements herein.  Done in open court this
4th day of January, 1904.   (Signed) R. B. ALBERTSON,
Judge."

Judgment was entered in accordance with the findings,
and from such judgment this appeal was taken.

The plaintiff excepted to the material findings of fact
made by the court.   The testimony in this case was ex-
ceedingly brief, and from its examination we are not
able to say that the facts found by the lower court are not
justified.   It is true that some services were rendered
by the appellant to the respondent in this action, but
we think, with the lower court, that the testimony shows
that this work was done under an agreement that the
appellant should have, for his legal services, seven per
cent of the amount of the judgment recovered by the
defendant, and that, for more than ten years after the
reversal of the case by this court, nothing was done in the
case by the appellant, although its prosecution was urged
by the respondent, and that the respondent was justified
in concluding, under the circumstances, that the appellant
had failed and refused to proceed with the work under
the agreement which had been entered into.   Upon rebuttal
the appellant testified, among other things, as follows:

"Q.   Was it a fact that Mrs. Colman requested you
to press the trial of this action after the case was reversed
by the supreme court?   A. She asked me if the case could
not be brought up a long time after this.   She insisted
upon making the railroad company pay, but I realized,
and knew very well, and told her at the time, that I was
in no position to press the matter.   That if I attempted
to make a move and brought the case on for trial, that
the times were hard, that we were in the midst of a panic,
that the land wasn't worth a quarter what it was worth
in 1890, and that the company had abandoned construc-
tion, and if we pressed for trial then, that they would
dismiss their action and I would be unable to get anything.

The Court: Was that the ground of your refusal? A. That was the reason. The Court: But was that the ground of your refusal? A. That was the ground of my refusal, because in such case I lost any chance to recover."

This is the last testimony offered in the case; the attorney for the plaintiff then announcing that he did not desire to argue the case. Upon this statement alone, we think the appellant should not recover—certainly not, if the respondent's construction of the testimony is correct, namely: that the appellant refused to proceed with the case lest it should result in the loss of a fee to him. And such a construction we think would not do violence to the language used, and was evidently the construction placed upon the testimony by the trial judge, as shown by the questions so pointedly asked.

The principal and ultimate object of a lawsuit is for the benefit of the client, and it is the client's interests that must be considered by the attorney throughout the trial of the case, and he must not place himself in a position where his personal interests will interfere with a full performance of his duty to his client. It is, however, insisted by the appellant that the use of the personal pronoun "I" was not intended to refer to the personal interests of the attorney, but referred to the interests of the client. But even conceding that this construction of the testimony is reasonable, it would still not justify the attorney in refusing to proceed with the trial of the case when requested so to do by the client, and when the necessary funds for prosecuting the suit were placed at his disposal; for the object of a defense to an application for a condemnation, in a case of this kind, ought simply to be to obtain legitimate damages, and not to encourage the railroad company to proceed with the suit for the purpose of obtaining a judgment that would more than compensate

for the loss sustained, and this must have been appellant's idea, or there would have been no objection to the withdrawal of the suit by the railroad company.

We think, under all the circumstances of the case, that the respondent was justified in concluding that the appellant had failed to carry out the conditions of the contract entered into, and that the relation of attorney and client had been severed by the refusal of the appellant to perform the duty for which he had been employed, and that she was justified in moving in the matter on her own account to settle with the railroad company in any manner which she considered advantageous to her interests.

In consideration of the whole record, the judgment is affirmed.

FULLERTON, C. J., and HADLEY, MOUNT and ANDERS, JJ., concur.